UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **STEVEN Z. RAST** | : | **DOCKET NO. 21-cv-0547** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **S. MA'AT** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Certify Class (doc. 1) and Motion to Add Plaintiffs to Case (doc. 6), filed by plaintiff Steven Z. Rast. For the reasons below, we recommend that the Plaintiff's motions be **DENIED**.

### I.
### BACKGROUND

Plaintiff filed the *pro se* civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), presently before this Court, on March 1, 2021. He alleges that the defendant failed to provide adequate water, electricity, sewage or laundry to prisoners at the Federal Correctional Institution at Oakdale, Louisiana (FCIO), during severe winter weather in February 2021. Plaintiff seeks to bring this action on behalf of himself and other prisoners at FCIO.

### II.
### LAW AND ANALYSIS

"[T]he class action device exists primarily, if not solely, to achieve a measure of judicial economy, which benefits the parties as well as the entire judicial system. It preserves the resources of both the courts and the parties by permitting issues affecting all class members to be litigated in

-2-

an efficient, expedited, and manageable fashion." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 410 (5th Cir. 1998). To obtain class certification under Rule 23(a) of the Federal Rules of Civil Procedure, Plaintiffs must satisfy the following requirements: "(1) numerosity (a 'class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical ... of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class')." *Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2245 (1997) (quoting Fed. R. Civ. P. 23(a)).  Additionally, Plaintiffs must show that the action is maintainable pursuant to Rule 23(b)(1), (2) or (3). *Id*.

Requests for class certification by a prisoner acting pro se are generally denied because the prisoner cannot "fairly and adequately protect the interests of the class." See Fed. R. Civ. P. 23(a)(4); *Ali v. Immigration and Customs Enforcement*, No. 1:16-CV-037, 2017 U.S. Dist. LEXIS 30604, 2017 WL 881102, at (N.D. Tex. Feb. 2, 2017) (denying motion to certify class filed by an immigration detainee proceeding pro se because he failed to show "he could fairly and adequately protect the interests of a purported class of other [immigration] detainees").  Because Plaintiff fails to show that he can properly serve as a representative party in a class action, the undersigned recommends that Plaintiff's motions to proceed as a class action and to add plaintiffs to the case be denied.

### III.
### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that the Motion to Certify Class (doc. 1) and Motion to Add Plaintiffs to Case (doc. 6) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 4th day of May, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE