UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **STEVEN Z. RAST** | : | **DOCKET NO. 21-cv-0547** |
| | | **SECTION P** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **S. MA'AT** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint [doc. 4] filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971) by plaintiff Steven Z. Rast, who is proceeding *pro se* and *in forma pauperis* in this matter. Rast is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO").

### I.
#### BACKGROUND

Plaintiff was an inmate at the FCIO during the week of February 14, 2021, when the area experienced winter storms that caused wide-spread power outages resulting in loss of electricity and water to many thousands of residents. Doc. 1, p. 2. The power outage lasted less than one day at FCIO; however, the loss of electricity caused a loss of water pressure which resulted in the water being cut off to prisoner cells. *Id*. Accordingly, prisoners were without water to flush toilets or take showers or brush their teeth. *Id*. Due to the lack of running water, laundry was only done once, and as prisoners are only issued four (4) pairs of underwear, they had to "live in dirty underwear for an extended period of time." *Id*. at p. 3. Prisoners were also fed cold bag meals, while prison staff continued to receive hot meals. *Id*. During the first two days, all communications were shut down by the institution and prisoners were locked in their cells. *Id*.

Plaintiff asserts, based on the Warden's actions after two hurricanes in 2020, that he exhibits a "pattern of abuses on prisoners." *Id*. at p. 6. However, this suit involves only allegations surrounding the conditions of the prison after the February 2021 winter storm.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Rast has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983/Bivens*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983. E.*g., Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993). In order to hold the defendant liable, a plaintiff must allege

facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Theories of the Complaint

Plaintiff asserts that his constitutional right to be free from cruel and unusual punishment was violated when he and other prisoners incarcerated at FCIO were not provided with adequate water, electricity, sewage or laundry for six (6) days following ice storms that moved through that area in February 2021.

Two requirements must be met before Section 1983 liability will arise for constitutional violations relating to conditions of confinement of the type plaintiff described. First, the alleged deprivation must objectively be "sufficiently serious," which means that "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 114 S. Ct. 1970, 1984 (1994). To rise to the level of a constitutional violation, the conditions must be "'so serious as to deprive [plaintiff] of the minimal measure of life's necessities,' in this case the basic human need for sanitary conditions." *Alexander v. Tippah County*, 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995)).

Second, the inmate must show that a prison official was deliberately indifferent to inmate health or safety. *Farmer*, 114 S.Ct. at 1984. A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 1978.

The Supreme Court has recently reaffirmed that "deliberate indifference" is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious

consequence of his action. . . . The "deliberate indifference" standard permits courts to separate omissions that "amount to an intentional choice" from those that are merely "unintentionally negligent oversight[s]." *Southard v. Texas Bd. of Crim. Justice*, 114 F.3d 539, 551 (5th Cir. 1997) (citing *Board of County Comm'rs v. Brown*, 117 S. Ct. 1382, 1391 (1997) (other citations omitted)). "'Subjective recklessness,'" as used in the criminal law, is the appropriate test for deliberate indifference." *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997) (citing *Farmer*, 114 S.Ct. at 1984.

In the instant case, the "deliberate indifference" standard applies because all of plaintiff's complaints concerning the conditions relate to jail officials' episodic acts or omissions, and no challenge is made to "the general conditions and restrictions of [plaintiff's] confinement, knowingly imposed." *Hamilton v. Lyons*, 74 F.3d 99, 104 n.3 (5th Cir. 1995). Thus, Rast must allege facts sufficient to establish that any defendant knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.

Although the conditions described by plaintiff may have been unpleasant, he has failed to allege a deprivation so extreme that it violates the Constitution. The allegations of six days of discomfort, including receiving cold meals, not having running water for showers and laundry, and being confined to his cell for six days following the storm, are not sufficient to state a claim of constitutional dimension. *Cf. Russell v. Enser*, 496 F. Supp. 320, 325 (D.S.C.1979) (summary judgment) ("the absence of a bath for one week (if true) for a prisoner in transient status would not present a constitutional issue for trial"), *aff'd mem.*, 624 F.2d 1095 (4th Cir. 1980). These allegations assert nothing more than a temporary discomfort that is insufficient to state a claim of constitutional dimension. *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982). Serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences." *Id*. Courts

have repeatedly held "that the Constitution does not mandate prisons with comfortable surroundings or commodious conditions." *Talib v. Gilley*, 138 F.3d 211, 215 (5th Cir. 1998) (citing *Rhodes v. Chapman*, 101 S. Ct. 2392, 2401 (1981)).

Although the conditions plaintiff described may be unpleasant, he has failed to allege either deprivations so extreme that they violate the Constitution or sufficiently serious harm resulting from these problems to meet the requirements of *Farmer*, and this claim does not rise to the level of constitutional violation. *Severin v. Hunter*, No. 06-2780, 2007 U.S. Dist. LEXIS 102264, at *16-17 (E.D. La. May 3, 2007). A short-term sanitation restriction or problem, although admittedly unpleasant, does not amount to a constitutional violation. *Davis*, 157 F.3d at 1006; *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992); *Robinson v. Illinois State Corr. Ctr.*, 890 F. Supp. 715, 720 (N.D. Ill. 1995). "[J]ails must provide only reasonably adequate hygiene and sanitation conditions." *Burton v. Cameron County*, 884 F. Supp. 234, 241 (S.D. Tex. 1995) (citing *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986)). None of plaintiff's allegations about the inconvenience experienced in the aftermath of an extreme winter storm establish constitutional violations. Notably, the conditions described by plaintiff were the result of this winter storm, a natural disaster (that followed two hurricanes) not believed to have been caused by the Warden.

### III.
#### CONCLUSION

Plaintiff's claim advances a legally frivolous argument and fails to state a claim for relief under *Bivens*.

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 16th day of July, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE